DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court order that granted relief from a cognovit judgment rendered in favor of Wells Fargo Financial Leasing, Inc., Assignee of Telemark, LLC, plaintiff below and appellant herein, on its claim against Douglas R. Gilliland, defendant below and appellee herein.
 {¶ 2} The following error is assigned for our review:
"The trial court abused its discretion and committed reversible error in granting appellee's motion for relief from judgment as a matter of law."
 {¶ 3} On September 20, 2001, appellant commenced the instant action and alleged that appellee had leased from it a farm combine and grain table for a term of four years at $8,738 per year. Appellee further alleged that appellant defaulted on the lease and that the instrument contained a "Warrant of Attorney with cognovit provisions" that authorized an attorney to appear on his behalf, to waive service of process and to confess judgment in the lessee's favor.
 {¶ 4} Contemporaneous with the complaint, appellant also filed for appellee an answer that waived service of process and admitted the default. The trial court entered judgment on September 24, 2001 and awarded appellant $32,182 in damages.
 {¶ 5} Less than a month later, appellee filed a motion for relief from judgment. In particular, appellee asserted that (1) he did not execute the lease; (2) his father, Russell Gilliland, had forged appellee's name on the instrument; (3) his father had no authority to sign the lease on appellee's behalf; and (4) appellee's father may have lacked capacity to enter into a contract. Appellee supported his motion with an affidavit and attested that he did not execute the lease and that he did not authorize anyone to sign the lease on his behalf.
 {¶ 6} Appellant's memorandum in opposition asserted that appellee and his father had a partnership and that Russell Gilliland possessed the authority to execute the lease on his son's behalf. Appellant did not contest appellee's assertion that Russell Gilliland forged his son's name to the instrument. Appellees supported the memorandum with an affidavit from Glenn Watts, appellee's territory manager, who attested that (1) he met both Gillilands to discuss the lease; (2) the discussions centered around "their" (the Gillilands) farming business; (3) the lease was mailed to appellee at his last known address; and (4) an executed lease was returned to appellee.
 {¶ 7} After protracted discovery disputes concerning Russell Gilliland's competency to give deposition testimony, the matter came on for hearing on July 14, 2003. Appellee testified that although he met with Glenn Watts and that he considered leasing the equipment, he ultimately decided against it because "[i]t was going to cost too much to maintain." Appellee stated that he did not execute a lease, that he did not give his father the authority to execute a lease on his behalf and that he and his father were not business partners.[1]
 {¶ 8} The existence of the forged lease was discovered when Gilliland came home one day and, out of the blue, announced that he had purchased equipment and that they needed to pick it up. Appellee immediately contacted his father's attorney for help in uncovering what happened. After it became apparent that his father had executed the lease, appellee's father's attorney wrote to appellant to try to resolve the matter amicably. Appellant did not respond to that letter.
 {¶ 9} Russell Gilliland also testified, and admitted, that he forged his son's name on the lease. Gilliland stated that he signed the lease because he thought they "needed a combine," but that he could not remember whether he had authority from his son to execute that document. In addition, the record is replete with evidence that Gilliland suffers from Alzheimer's disease. A letter from Kevin W. Kammler, DO, revealed that he evaluated Gilliland's mental status on May 15, 2000, a year before the lease was forged, and diagnosed Gilliland as suffering from "dementia" with profound effects on his mental status. Evidence also established that a guardianship proceeding was initiated for Gilliland shortly after this forgery incident.
 {¶ 10} On September 11, 2003 the trial court granted relief from the cognovit judgment. The trial court based its decision both on "interests of justice" as well as the fact that appellant knew that appellee challenged his signature and obligations under the lease even before appellant filed the complaint. This appeal followed.
 {¶ 11} Appellant argues in its assignment of error that the trial court erred in granting relief from the 2001 cognovit judgment. We disagree.
 {¶ 12} Our analysis begins from the proposition that, to prevail on a Civ.R. 60(B) motion, the movant must establish (1) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through(5); (2) the existence of a meritorious claim or defense to present if relief is granted; and (3) that the motion is made within a reasonable time which, for those grounds set forth in Civ.R. 60(B)(1)-(3), means not more than one year after judgment. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151, 666 N.E.2d 1134; Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351, 453 N.E.2d 648; GTE Automatic Elec., Inc.v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. A failure to establish any one of these criteria will cause the motion to be overruled. Strackv. Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564. With this in mind, we turn our attention to the proceedings below.
 {¶ 13} Appellant does not claim the motion for relief was untimely. Indeed, appellee filed the motion only a month after the trial court entered the cognovit judgment. Instead, appellant argues that appellee does not have a valid defense if relief is granted and is not entitled to relief under any provisions of Civ.R. 60(B). We find no merit in either argument.
 {¶ 14} First, forgery is a proper defense for purposes of Civ.R. 60(B) on a cognovit judgment. See Leghissa v. Cirino
(Mar. 10, 1988), Cuyahoga App. No. 54063. Allowing a judgment to be confessed under a warrant of attorney provision in a contract, but then prohibiting someone from challenging the contract as a forged instrument, would not only open the door to all kinds of questionable conduct but would also upset our notions of justice and fair play.
 {¶ 15} Appellant's response does not contest that forgery is a proper defense, but rather asserts that such defense does not have any merit in this case. Specifically, appellant contends that the trial court failed to take into account evidence that implicates principles of "apparent authority" and "agency by estoppel." The flaw in this argument, however, is two-fold. First, as the trial court cogently noted at the outset of the hearing below, the movant's burden on a Civ.R. 60(B) motion is simply to allege a meritorious defense, not to prevail on that defense. Colley v. Bazell (1980), 64 Ohio St.2d 243, 247,416 N.E.2d 605, fn. 3. Whether there is merit in appellee's forgery defense, or whether "apparent authority" or "agency by estoppel," can be established, is a question for the trier of fact once relief is granted. We need not be concerned with those questions. At this juncture, our concern is whether appellee alleged a meritorious defense. We readily agree with the trial court's conclusion that he did.
 {¶ 16} Second, the precise defense appellee asserted was not a lack of authority to sign his name but, rather, a forgery. Though we need not delve deeply into the merits of the agency/apparent authority issues at this stage of the proceedings, we do note that nothing on the lease indicates that Russell Gilliland executed the document either (1) as a principal in some farming operation with his son or (2) under an agency relationship with appellee. The signature line on the lease bears only the purported signature "Doug Gilliland" The signature does not say "Russell Gilliland for Doug Gilliland" or "Russell Gilliland as attorney in fact for Doug Gilliland" or any other such phrasing. In short, there does not appear to be any indication of agency status. The lease gives every appearance that appellee signed the agreement for appellee. Thus, the dispositive question appears to be whether a forgery of the instrument occurred.
 {¶ 17} Turning next to the issue of whether appellee is entitled to relief under any provision of Civ.R. 60, we find that he is entitled to relief under section (B)(5). This rule reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. The grounds to invoke this provision, however, must be substantial. Volodkevich v. Volodkevich
(1988), 35 Ohio St.3d 152, 154, 518 N.E.2d 1208; Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, at paragraphs one and two of the syllabus. Given the unusual facts of this case, we believe that sufficient grounds exist to invoke relief under Civ.R. 60(B)(5).[2]
 {¶ 18} It is uncontroverted that appellee did not execute the lease agreement and that the agreement was forged by his father. There is also no question that appellee's father suffered from Alzheimer's disease at the time he forged the instrument. We again note that a year earlier appellee's father was diagnosed with dementia. Also, appellee immediately tried to resolve this dispute after he found out what his father had done. In light of these facts and circumstances, we agree with the trial court that it is patently unjust to allow the judgment to stand and to deprive appellee of an opportunity to defend the claims against him.
 {¶ 19} Appellant counters that Civ.R. 60(B)(5) cannot be used as a "substitute" for relief when another more specific provision of the rule applies. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914; Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, 448 N.E.2d 1365. We agree with this assertion as an abstract proposition of law, but appellant does not identify any other provision of Civ.R. 60(B) that it believes would have been more appropriate. The only other part of the rule mentioned in its brief is Civ.R. 60(B)(3) which deals with fraud. That part of the rule does not apply here, however, because it deals with fraud of "an adverse party." Appellee did not allege any fraud committed by appellant. To the extent he alleges fraud at all, it is fraud perpetrated by his father who is not a party to the action. Relief under Civ.R. 60(B)(3) would not appear to lie under these circumstances. See In re Cole Children (Nov. 13, 1990), Clermont App. No. CA90-03-024. Further, the type of fraud in Civ.R. 60(B)(3) is fraud relating to the obtaining of the judgment rather than fraud upon which a claim or a defense is based. Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2001) 60-29, § 60-8. Again, appellee did not assert that the cognovit judgment was taken against him fraudulently. Accordingly, the trial court could not have granted relief under Civ.R. 60(B)(3). Thus, Civ.R.60(B)(5) was not used as an improper substitute.
 {¶ 20} In the end, we note that a motion for relief from judgment is committed to the sound discretion of the trial court and its ruling should not be disturbed absent an abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153, 684 N.E.2d 1237; Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122; Moore v. Emmanuel Family TrainingCtr. (1985), 18 Ohio St.3d 64, 66, 479 N.E.2d 879. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, tc\11 "unreasonable, arbitrary or unconscionable. Landis v. GrangeMut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140;Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995),72 Ohio St.3d 62, 64, 647 N.E.2d 486. In applying the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181; Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Indeed, in order to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d 1. In view of the particular facts and circumstances present in the case sub judice, we find that the trial court did not abuse its discretion. For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Kline, P.J., and Harsha, J., concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] It appears that although the lease was executed, neither appellee nor his father had possession of the leased equipment.
[2] In his motion below, appellee argued he was entitled to relief from the cognovit judgment under Civ.R. 60(B)(3)and(5).