[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bank of Am., N.A. v. Kuchta,* Slip Opinion No. 2014-Ohio-4275.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4275

BANK OF AMERICA, N.A., APPELLANT, *v*. KUCHTA ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bank of Am., N.A. v. Kuchta,* Slip Opinion No. 2014-Ohio-4275.]

*Civil procedure—Civ.R. 60(B)—Vacating judgments—Allegation that plaintiff fraudulently claimed to have standing may not be asserted as ground for vacating judgment under Civ.R. 60(B)(3)—Lack of standing is cognizable on appeal and therefore cannot be used to collaterally attack judgment in foreclosure—Lack of standing does not affect subject-matter jurisdiction.*

(No. 2013-0304—Submitted January 8, 2014—Decided October 8, 2014.)

CERTIFIED by the Court of Appeals for Medina County,

No. 12CA0025-M, 2012-Ohio-5562.

_____

SYLLABUS OF THE COURT

1. An allegation that a plaintiff fraudulently claimed to have standing may not be asserted as a ground for vacating the judgment under Civ.R. 60(B)(3).

2. Lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure.

3. Although standing is required in order to invoke the jurisdiction of the court of common pleas over a particular action, lack of standing does not affect the subject-matter jurisdiction of the court.

———————————

**O'CONNOR, C.J.**

{¶ 1}  In this appeal we are asked to resolve a conflict regarding a party's ability to collaterally attack a judgment in a foreclosure action by asserting the issue of standing in a Civ.R. 60(B) motion for relief from judgment.  For the reasons that follow, we conclude that a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal from the judgment in foreclosure on the issue of standing.  We therefore reverse the decision of the Ninth District Court of Appeals.

## RELEVANT BACKGROUND

{¶ 2}  On December 19, 2002, defendant-appellees, George and Bridget Kuchta ("the Kuchtas"), executed a promissory note in favor of Wells Fargo Home Mortgage, Inc., and entered into a residential mortgage agreement with Wells Fargo to secure repayment of the note.  On June 1, 2010, plaintiff-appellant, Bank of America, N.A., filed a complaint in foreclosure against the Kuchtas, attaching a copy of the original note and mortgage.  Bank of America claimed to be the holder of the note and assignee of the mortgage.  The Kuchtas filed a pro se answer, in which they challenged the standing of Bank of America to proceed with the complaint, arguing that there was no proof that their mortgage had been assigned to Bank of America.

{¶ 3}  On August 10, 2010, Bank of America moved for summary judgment, attaching affidavits in support and a "Notice of Filing Assignment of Mortgage."  The attached assignment document memorialized Wells Fargo's

2

transfer ownership of the Kuchtas' note and mortgage to Bank of America. It was signed on June 10, 2010, and recorded on June 23, 2010. The Kuchtas did not respond to the summary-judgment motion.

{¶ 4} After unsuccessful attempts to facilitate a settlement between the parties, during which time the Kuchtas retained counsel, the trial court granted summary judgment to Bank of America and entered a decree of foreclosure in its favor in June 2011. The Kuchtas did not appeal the judgment. On September 7, 2011, the trial court scheduled a sheriff's sale of the foreclosed property for September 29, 2011.

{¶ 5} On September 23, 2011, the Kuchtas moved to vacate the summary judgment and decree of foreclosure pursuant to Civ.R. 60(B)(3), which allows a judgment to be set aside if it has been obtained by "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." In their motion, the Kuchtas argued, in effect, that Bank of America lacked standing to commence the action because the bank did not prove ownership of the note and because the mortgage assignment was fatally flawed. They argued that they had a meritorious defense against the action due to this failure of proof. The Kuchtas further argued that the bank had committed fraud by falsely claiming to be the owner of the note and mortgage when it filed the foreclosure action. The trial court denied the motion, and the Kuchtas appealed.

{¶ 6} The Ninth District reversed the trial court's decision based on its interpretation of this court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, which was announced while the Kuchtas' appeal was pending. The Ninth District held that standing is a jurisdictional matter and that Bank of America's alleged lack of standing, if proven, would warrant relief from judgment. Accordingly, the Ninth District remanded the cause to the trial court for application of *Schwartzwald*.

**{¶ 7}** The Ninth District granted Bank of America's motion to certify a conflict, holding that its judgment conflicted with the judgment of the Tenth District in *PNC Bank, N.A. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383. In *Botts*, the Tenth District held that a mortgagee's lack of standing does not destroy the subject-matter jurisdiction of a court, *id.* at ¶ 22, and fraud in establishing standing is not the type of fraud contemplated by Civ.R. 60(B)(3). The *Botts* court noted that the standing issue should have been raised in prior pleadings or in a timely appeal from the judgment, not in a Civ.R. 60(B) motion. *Id.* at ¶ 18-19. We recognized that a conflict exists on the following certified question: "When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for a relief from judgment?" 135 Ohio St.3d 1430, 2013-Ohio-1857, 986 N.E.2d 1020.

**{¶ 8}** We answer the certified question in the negative and hold that the doctrine of res judicata applies to bar a party from asserting lack of standing in a motion for relief from judgment. We therefore reverse the judgment of the Ninth District Court of Appeals.

### ANALYSIS

**{¶ 9}** The defendants-appellees in both *Botts* and the present case argued that their judgments in foreclosure should be vacated due to lack of standing under two different areas of the law: the Rules of Civil Procedure and common-law jurisprudence related to jurisdiction. We will address these two arguments in turn.

#### *Motion for Relief from Judgment under the Rules of Civil Procedure*

**{¶ 10}** Civ.R. 60(B) provides:

> "On motion and upon such terms as are just, the court may relieve
> a party or his legal representative from a final judgment, order or
> proceeding for the following reasons: * * * (3) fraud (whether

heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party * * *."

**{¶ 11}** To succeed on a motion for relief from judgment under Civ.R. 60(B), a movant must establish (1) a meritorious defense or claim to present, in the event that relief from judgment is granted, (2) entitlement to relief under one of the provisions in Civ.R. 60(B)(1) through (5), and (3) compliance with the rule's time requirements. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), at paragraph two of the syllabus. The timing of the Kuchtas' motion is not at issue, and it is undisputed that a mortgagee's lack of standing to bring an action in foreclosure, if established, would constitute a meritorious defense to the action. Our focus, then, is only on the second prong of the *GTE* standard, which the Kuchtas attempted to establish solely under Civ.R. 60(B)(3).

**{¶ 12}** The Kuchtas argued below that the bank's lack of standing at the time of filing its action in foreclosure both established their entitlement to relief due to fraud or misconduct and established a meritorious defense to the underlying action. We find this position to be without merit.

**{¶ 13}** We agree with the widely held view, expressed by the Tenth District in *Botts*, that the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself. *Botts* at ¶ 15; *GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 31 (2d Dist.); *First Merit Bank, N.A. v. Crouse*, 9th Dist. Lorain No. 06CA008946, 2007-Ohio-2440, ¶ 32; *Wells Fargo Fin. Leasing, Inc. v. Gilliland*, 4th Dist. Scioto No. 03CA2916, 2004-Ohio-1755, ¶ 19; *Tower Mgt. Co. v. Barnes,* 8th Dist. Cuyahoga No. 51030, 1986 WL 8623, *3.

**{¶ 14}** The Kuchtas have not alleged that Bank of America committed intrinsic fraud, such as attaching a materially false affidavit to its motion for summary judgment. *See Smith v. Asbell*, 4th Dist. Scioto No. 03CA2897, 2005-Ohio-2310 (motion to vacate judgment properly granted when plaintiff attached fraudulent affidavit to complaint to prevent statute-of-limitations defense). And there is no allegation of extrinsic fraud, such as persuading the Kuchtas not to defend their case by falsely promising to voluntarily dismiss the action. *See United States v. Throckmorton*, 98 U.S. 61, 65-66, 25 L.Ed. 93 (1878). The bank's alleged lack of standing did not prevent the Kuchtas from appearing and presenting a full defense, including lack of standing. Accordingly, Bank of America's lack of standing, if the bank did in fact lack standing, did not establish the Kuchtas' entitlement to relief due to fraud under Civ.R. 60(B)(3).

**{¶ 15}** Further, because the issue of standing could have been and in fact was raised during the foreclosure proceedings, res judicata prevents the Kuchtas from using the issue to establish entitlement to relief. Ohio's Civ.R. 60(B) is substantially equivalent to Fed.R.Civ.P. 60(b), which codified the centuries-old "rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments" regardless of their finality. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. *Id.* However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision. *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

**{¶ 16}** It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d

43, ¶ 8-9.  In this case, the Kuchtas filed a Civ.R. 60(B) motion in order to relitigate an issue that they had raised at the start of litigation and which they failed to appeal.  Thus, the doctrine of res judicata bars their attempted collateral attack against the judgment in foreclosure.

### *Common-Law Motion to Vacate for Lack of Subject-Matter Jurisdiction*

{¶ 17} To surmount the barrier of res judicata, the Kuchtas expressly argue to this court that a party's lack of standing does more than merely establish a ground for relief from judgment under Civ.R. 60(B).  Lack of standing, they argue, also renders the judgment void ab initio by depriving the trial court of subject-matter jurisdiction.  The Ninth District Court of Appeals implicitly adopted this position in its decision.  It is true that the issue of subject-matter jurisdiction can be challenged at any time and that a court's lack of subject-matter jurisdiction renders that court's judgment void ab initio. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11.  But for the reasons that follow, we hold that a court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing.

{¶ 18} The general term "jurisdiction" can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. *Id.* at ¶ 11-12.  The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of "jurisdiction" is applicable in various legal analyses. *See, e.g.*, *id.* at ¶ 33; *Barnes v. Univ. Hosps. of Cleveland*, 119 Ohio St.3d 173, 2008-Ohio-3344, 893 N.E.2d 142, ¶ 27; *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10-16.  We again take the opportunity for clarification in the context of this case.

{¶ 19} Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87,

290 N.E.2d 841 (1972). A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *Handy v. Ins. Co.*, 37 Ohio St. 366, 370 (1881). A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. *Pratts* at ¶ 12. This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void. *Id.* at ¶ 12.

{¶ 20} Although courts created by statute, such as municipal courts, are a different matter, *see Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 7, this case involves a constitutionally created common pleas court. Ohio's common pleas courts are endowed with "original jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B), Ohio Constitution. Jurisdiction has been "provided by law" in R.C. 2305.01, which states that courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." This court has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it." *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891). We have also long held that actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas. *Robinson v. Williams*, 62 Ohio St. 401, 408, 57 N.E. 55 (1900); *see generally Winemiller v. Laughlin*, 51 Ohio St. 421, 38 N.E. 111 (1894). The Medina County Court of Common Pleas therefore has subject-matter jurisdiction over actions in foreclosure.

{¶ 21} The Kuchtas contend that standing is also jurisdictional and that a lack of standing invalidates a court's subject-matter jurisdiction pursuant to *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. But because *Schwartzwald* involved a direct appeal, it is of limited applicability to the attempted collateral attack in the present case. Moreover, the Kuchtas' position hinges on the inference that our use of the term "jurisdiction" in *Schwartzwald* necessarily connoted "subject-matter jurisdiction." This inference is incorrect.

{¶ 22} Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court—even a court of competent subject-matter jurisdiction—over the party's attempted action. *Schwartzwald* at ¶ 22; *Tubbs Jones,* 84 Ohio St.3d at 77, 701 N.E.2d 1002; *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 178, 298 N.E.2d 515 (1973). But an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction.

{¶ 23} A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a *personal* stake in the outcome of the action in order to establish standing. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action, *Schwartzwald* at ¶ 40, and any judgment on the merits would be subject to reversal on appeal. But a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief. *Tubbs Jones* at 77. Accordingly, Bank of America's alleged lack of standing to initiate a foreclosure action against the Kuchtas would have no effect on the subject-matter jurisdiction of the Medina County Court of Common Pleas over the foreclosure action.

{¶ 24} We hold that the Kuchtas did not establish that the judgment entered by the Medina County Court of Common Pleas was void ab initio, and the court therefore did not err in overruling the Kuchtas' motion for relief from the judgment in foreclosure.

## CONCLUSION

{¶ 25} An allegation that a plaintiff fraudulently claimed to have standing may not be asserted as a ground for vacating the judgment under Civ.R. 60(B)(3). Further, lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment. And although standing is required in order to invoke the jurisdiction of the court over a particular action in foreclosure, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas. For these reasons, we answer the certified question in the negative and hold that lack of standing cannot support a Civ.R. 60(B)(3) motion for relief from judgment, even if a plaintiff's assertion of standing was patently false. We further hold that lack of standing does not render a judgment void for lack of subject-matter jurisdiction. We therefore reverse the judgment of the Ninth District Court of Appeals and reinstate the judgment of the Medina County Court of Common Pleas, denying the Kuchtas' Civ.R. 60(B) motion.

Judgment accordingly.

O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent.

_____

**O'NEILL, J., dissenting**.

{¶ 26} I dissent. I would affirm the Ninth District's decision to remand this case to the trial court for application of *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. While it is axiomatic that Civ.R. 60 (B)(3) is not a substitute for appeal, it is nonetheless clear that in this matter, Bank of America simply lacked standing to invoke the

jurisdiction of the common pleas court under *Schwartzwald* in the first place. I disagree with the majority's reasoning that the lack of a justiciable controversy between the parties does not affect the subject-matter jurisdiction of the court. That is a proposition that threatens the very foundation of our judicial system. Courts exist to resolve real controversies between real parties in interest. Nothing more.

{¶ 27} At the trial court level, the Kuchtas, who appeared pro se, unequivocally asserted that the bank did not have standing to file the complaint in foreclosure. It was error for the trial court to allow the proceedings to go forward, but go forward they did. The Ninth District, having read this court's recently released decision in *Schwartzwald,* correctly found that the Kuchtas' Civ.R. 60(B) motion contained sufficient allegations of operative facts to warrant a hearing, citing *State ex rel Richard v. Seidner,* 76 Ohio St.3d 149, 151 666 N.E.2d 1134 (1996), and correctly remanded the case to the trial court for application of *Schwartzwald. Bank of Am. v. Kuchta,* 9th Dist. Medina No. 12CA0025-M, 2012-Ohio-5562. It was an abuse of discretion for the trial court to deny the Kuchtas a hearing on their Civ.R. 60(B)(3) motion for relief from judgment.

{¶ 28} More than once in *Schwartzwald*, we stated that standing is a jurisdictional requirement. *Schwartzwald* at ¶ 22, 24, 27, and 38. This court unanimously agreed that it is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. *Id.* at ¶ 41. This court repeatedly emphasized that standing must exist at the time of filing of the complaint, *id.* at ¶ 24, 25, and that lack of standing cannot be cured by postfiling events, such as the receipt of an assignment of the claim or by substitution of the real party in interest. *Id.* at ¶ 26, 27, 37, 38, and 41.

{¶ 29} But in this case, the majority holds that Bank of America's lack of standing to initiate the foreclosure action at the time of filing of the complaint has

"does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." Majority opinion at ¶ 23.

**{¶ 30}** What does this rule mean in practical terms? Does it mean that if the defendant in any given case fails to challenge standing on appeal, then the standing issue is forfeited in favor of the party who did not have standing to invoke the jurisdiction of the common pleas court in the first place?

**{¶ 31}** The majority's reliance on *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, is misplaced at a minimum. Rather, application of *Pratts* to this case demands exactly the opposite outcome. *Pratts* was a habeas action stemming from a capital case in which, after waiving his right to a jury trial, Pratts submitted his guilty plea to a single judge rather than a three-judge panel as required by statute. *Pratts* at ¶ 2-3. The *Pratts* court determined that the statutory errors committed by the trial court did not divest the court of its subject-matter jurisdiction. *Id.* at ¶ 36.

**{¶ 32}** There was no dispute in *Pratts* that the case was properly commenced in the common pleas court. However, that is precisely the issue in this case, since this case was *not* properly commenced. On June 1, 2010, the date Bank of America filed the complaint, it was not the holder of either the mortgage or the note. The assignment of the mortgage was not complete until at least June 10, 2010. Thus, on the date the complaint was filed there was no injury, and therefore as a matter of law no justiciable controversy, between Bank of America and the Kuchtas. *See also Schwartzwald* at ¶ 28. As a result the court was without jurisdiction to consider—much less rule on—this complaint. Any judgments the trial court rendered on this complaint were void and subject to attack at any time. *Pratts* at ¶ 11.

**{¶ 33}** The Ninth District got this case right when it concluded that the Kuchtas' Civ.R. 60(B)(3) motion contained sufficient operative facts to warrant a hearing and remanded the case to the trial court for application of *Schwartzwald.*

Instead of affirming the Ninth District, this court goes to great lengths to preserve a void judgment. And in so doing, it undermines this court's own rule in *Schwartzwald* and creates uncertainty in foreclosure cases that will operate in favor of careless banks while eroding the rule of law in Ohio. I dissent.

PFEIFER, J., concurs in the foregoing opinion.

————————————

Thompson Hine, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellant.

Dann, Doberdruk & Harshman, Grace M. Doberdruk, Marc E. Dann, Daniel M. Solar, and James R. Douglass, for appellees.

Andrew M. Engel Co., L.P.A., and Andrew M. Engel; and Mills, Mills, Fiely & Lucas, L.L.C., and John Sherrod, urging affirmance for amici curiae Joseph and Lori LaPierre.

Ohio Poverty Law Center, L.L.C., and Linda Cook; Southeastern Ohio Legal Services and Peggy P. Lee; Legal Aid Society of Southwest Ohio, L.L.C., and Noel M. Morgan; Advocates for Basic Legal Equality, Inc., and Andrew D. Neuhauser, urging affirmance for amici curiae Ohio Poverty Law Center, L.L.C., Southeastern Ohio Legal Services, Legal Aid Society of Southwest Ohio, L.L.C., and Advocates for Basic Legal Equality, Inc.

————————————————