[Cite as *Bank of New York Mellon v. Verlie*, 2015-Ohio-4524.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA       )

THE BANK OF NEW YORK MELLON          C.A. No.      14CA0116-M
FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS OF THE
CWABS INC., ASSET-BACKED             APPEAL FROM JUDGMENT
CERTIFICATES, SERIES 2006-BC1        ENTERED IN THE
                                     COURT OF COMMON PLEAS
     Appellee          COUNTY OF MEDINA, OHIO
                                     CASE No.      13CIV1359
     v.

ADAM VERLIE, et al.

     Appellants

DECISION AND JOURNAL ENTRY

Dated: November 2, 2015

SCHAFER, Judge.

**{¶1}** Defendants-Appellants, Adam and Donna Verlie, appeal the judgment of the Medina County Court of Common Pleas confirming the sale of real estate to Plaintiff-Appellee, Bank of New York Mellon. For the following reasons, we affirm.

I.

**{¶2}** In November of 2013, Appellee filed a complaint for foreclosure against Adam and Donna Verlie. The Verlies failed to file an answer and the trial court granted default judgment to Bank of New York Mellon on January 29, 2014. The trial court also issued an order of sale to the county sheriff. Bank of New York Mellon arranged for the mortgaged property to be sold, and Bank of New York Mellon purchased the property at a Sheriff's Sale on May 22, 2014.

**{¶3}** On May 7, 2014, just over two weeks before the property was to be sold, the Verlies filed an answer to the complaint for foreclosure despite the default judgment that the trial court had entered against them three months prior. On June 3, 2014, two weeks after the property in question sold, the Verlies filed a motion to vacate under the trial court's inherent authority arguing that the foreclosure decree was void ab initio because Bank of New York Mellon failed to demonstrate that it was the real party in interest when the complaint was filed. The Verlies also filed a motion to stay the confirmation of sale.

**{¶4}** The trial court granted the Verlies' motion to stay the confirmation of sale and scheduled an evidentiary hearing on their motion to vacate the order of confirmation of sale. The trial court held the evidentiary hearing on August 26, 2014 at which the Verlies failed to appear. The trial court heard testimony from one witness on behalf of Bank of New York Mellon. No evidence was presented on the Verlies' behalf in support of their motion to vacate except through cross-examination of Bank of New York Mellon's sole witness.

**{¶5}** On October 30, 2014, the magistrate denied the Verlies' motion to vacate on the basis that their motion was barred by the doctrine of res judicata because "the issue of standing must be asserted as a defense before the final decree or raised in a timely appeal, not in a motion for relief from judgment." On November 4, 2014, the trial court issued an order confirming the sale. On November 12, 2014, the Verlies filed objections to the magistrate's decision denying their motion to vacate. The trial court scheduled a non-oral hearing for December 12, 2014 to address the Verlies' objections; however, that hearing did not go forward since on November 26, 2014, the Verlies timely appealed from the trial court's order granting the confirmation of sale.

**{¶6}** The Verlies' present one assignment of error for our review.

II.

Assignment of Error

**The trial court erred by confirming a sale when, at a hearing conducted to determine whether standing existed to bring a foreclosure action based upon disputed possession of the mortgage note, it found that possession was proved by a coded "screenshot" from a computer program, not by production of the note itself, or a certified copy of the note, or evidence explaining its absence.**

{¶7} In their sole assignment of error, the Verlies argue that Bank of New York Mellon did not have standing to foreclose on the property in question. Specifically, the Verlies contend that Bank of New York Mellon lacked standing to enforce the note for two reasons: (1) because the bank could not produce the actual mortgage note at the August 26, 2014 evidentiary hearing, but instead introduced a "screenshot" describing a process involving the note from a computer program; and (2) because Countrywide Home Loans Servicing LP, not Bank of New York Mellon, was listed as the lender entitled to all future payments on the Loan Modification Agreement. We decline to address the merits of the Verlies' arguments, as they are barred by the doctrine of res judicata.

{¶8} The Supreme Court of Ohio has explained that standing is a jurisdictional requirement that must exist at the time a suit is filed in order to invoke the jurisdiction of the trial court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22. A plaintiff lacks standing to commence a foreclosure action if it does not have an interest in a note or mortgage at the time it files suit. *Id*. at ¶ 28. In such cases, "[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *. *Id*. at ¶ 40.

{¶9} However, this case differs from *Schwartzwald* in that the Verlies failed to appeal the trial court's foreclosure decree, waiting instead until the property was sold and the sale confirmed. The Supreme Court of Ohio has recognized that "two judgments are appealable in

foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale."

*CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 35.

> The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.

*Id.* at ¶ 39. On the other hand,

> [t]he confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*Id.* at ¶ 40.

{¶10} The Supreme Court of Ohio has also held that "a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 23. In *Kuchta*, the Supreme Court explained that "a court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing." *Id*. at ¶ 17. Consequently, "the doctrine of res judicata applies to bar a party from asserting lack of standing in a motion for relief from judgment." *Id*. at ¶ 8.

{¶11} As *Kuchta* makes clear that a foreclosure judgment is not "void ab initio" even if the plaintiff who filed the action did not have standing to bring it, *id.* at ¶ 24, we must conclude,

pursuant to *Roznowski*, that the Verlies' appeal is limited to issues arising out of the confirmation process. The Verlies may not contest Bank of New York Mellon's standing in this appeal, "which would give them a second bite at the validity of the foreclosure judgment." *Washington Mut. Bank v. Zampino*, 9th Dist. Summit No. 26737, 2015-Ohio-1257, ¶ 7, citing *Roznowski* at ¶ 40. However, as the Verlies have not presented an argument on appeal challenging the integrity of the sale, they cannot prevail on that issue.

{¶12} The Verlies' assignment of error is overruled.

### III.

{¶13} The Verlies' sole assignment of error is overruled and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

MARC E. DANN and GRACE M. DOBERDRUK, Attorneys at Law, for Appellants.

MATTHEW J. RICHARDSON, Attorney at Law, for Appellee.