[Cite as *ABCO Servs. Inc. v. Kerr Constr. Servs., Inc.*, 2016-Ohio-5166.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

ABCO Services, Inc.                                          Court of Appeals No. WD-14-038

     Appellee                                              Trial Court No. 10-CVF-01725

v.

Kerr Construction Services, Inc.
and Jeremy L. Kerr                                          **DECISION AND JUDGMENT**

     Appellant                                            Decided:  July 29, 2016

* * * * *

Jeremy Kerr, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Bowling Green

Municipal Court.[1]  Appellant, Jeremy Kerr, contests the trial court's denial of his Civ.R.

60(B) motion for relief from judgment.  For the reasons that follow, we affirm.

---

[1] On May 1, 2015, we stayed this matter pending appellant's bankruptcy proceedings.
Those proceedings are now completed, and the bankruptcy stay has been lifted.

{¶ 2} On October 20, 2010, appellee, ABCO Services, Inc., filed a complaint against appellant and his company, Kerr Construction Services, Inc., alleging that appellant failed to pay for goods and services totaling $692.12. The complaint further alleged that appellant and his company were one and the same, and thus appellee sought to "pierce the corporate veil." On December 21, 2010, the trial court entered default judgment against appellant in the amount of $692.12.

{¶ 3} Following the entry of default judgment, appellant filed several motions to vacate the judgment, alleging that he was not properly served with the complaint. The trial court denied appellant's motions, and we affirmed in *ABCO Servs., Inc. v. Kerr Constr. Servs., Inc.*, 6th Dist. Wood No. WD-12-055, 2013-Ohio-968.

{¶ 4} One year after our decision, on April 11, 2014, appellant moved for relief from judgment pursuant to Civ.R. 60(B)(5). Appellant asserted that relief was appropriate because appellee lacked standing to sue in light of the fact that it was not an Ohio corporation as it alleged in the complaint, but rather was a "dba" of a separate corporation, "Abutilon, Inc."

{¶ 5} On May 19, 2014, the trial court denied appellant's motion, finding that appellant had failed to demonstrate any of the requirements of Civ.R. 60(B). The court concluded that appellant was attempting, in essence, to improperly use Civ.R. 60(B) as a substitute for a timely appeal.

2.

**{¶ 6}** Appellant has timely appealed the trial court's May 19, 2014 judgment, and now asserts one assignment of error for our review:

> 1. The trial court erred by applying the prerequisite (sic) of Civ.R. 60 to a judgment where the plaintiff lacked standing to sue.

### Analysis

**{¶ 7}** In his brief, appellant asserts that the trial court improperly applied the requirements for relief under Civ.R. 60(B) to his motion where the judgment was void because appellee lacked standing.

**{¶ 8}** Appellant's argument that appellee's lack of standing has rendered the default judgment void has been rejected by the Ohio Supreme Court in the context of foreclosure actions in *Bank of Am., N.A., v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19-24. The court reasoned:

> Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void.

3.

\* \* \*

Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court—even a court of competent subject-matter jurisdiction—over the party's attempted action. But an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction.

A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a *personal* stake in the outcome of the action in order to establish standing. Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action, and any judgment on the merits would be subject to reversal on appeal. But a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief. (Internal citations omitted and emphasis sic.) *Id.* at ¶ 19, 22-23.

{¶ 9} Therefore, the court held that because the trial court had subject-matter jurisdiction over the foreclosure action, its judgment could not be collaterally attacked as void based on appellee's lack of standing. *Id.* at ¶ 25 ("[L]ack of standing is an issue that

4.

is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment.").

{¶ 10} Accordingly, appellant's assignment of error is not well-taken.

## Conclusion

{¶ 11} For the foregoing reasons, we find that substantial justice was done the party complaining, and the judgment of the Bowling Green Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____

James D. Jensen, P.J. _____
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.