[Cite as *Antonyzyn v, Kelly*, 2019-Ohio-2829.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL ANTONYZYN, ET AL.,    :

    Plaintiffs-Appellees,    :

                                               No. 107838

    v.    :

KEVIN KELLY, ET AL.,    :

    Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  July 11, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-14-827623

---

### *Appearances:*

Jeffrey L. Kocian, *for appellee.*

Malone Law, L.L.C., and John P. Malone, Jr., *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant, Kevin Kelly ("Kelly"), appeals the trial court's denial of his motion for relief from judgment. Finding no merit to the appeal, we affirm.

{¶ 2} In 1998, Kelly and Nicholas Pyrtko ("Pyrtko") entered into a land contract agreement for a two-family house located on Castle Avenue in Cleveland's Tremont neighborhood. Kelly and Pyrtko resided in side-by-side units on the property until Pyrtko died in 2010.

{¶ 3} In 2013, Michael Antonyzyn ("Antonyzyn") purchased one-half of the real estate from Pyrtko's estate. Antonyzyn subsequently filed a foreclosure complaint in May 2014, alleging that Kelly owed $40,435 on his portion of the land contract. Kelly did not file an answer or otherwise respond to the complaint.

{¶ 4} In 2015, Anytonyzyn moved for summary judgment. The motion was unopposed and granted by decision of a magistrate. The trial court adopted the magistrate's decision in January 2016.[1]

{¶ 5} Twenty months later, in September 2017, Kelly filed a motion for relief from judgment and for stay of execution and eviction, claiming he never received the complaint and did not know about the lawsuit until he received an eviction notice. The magistrate held a hearing and overruled Kelly's motion. Kelly filed objections to the magistrate's decision. In October 2018, the trial court overruled Kelly's objections and adopted the magistrate's findings. This appeal followed.

{¶ 6} Kelly assigns five errors for review:

---

[1]Antonyzyn bought Kelly's portion of the property at sheriff's sale for $38,000 in April 2017.

I. The trial court erred when it denied appellant's motion for relief because the judgment was void for lack of jurisdiction and it was abuse of discretion to find that plaintiff appellees had standing to commence the lawsuit.

II. The Supreme Court's holding in *Kuchta*[2] does not apply in this case and the motion for relief from judgment is not a substitute for an appeal.

III. Plaintiffs did not perfect service of the complaint on appellant.

IV. There is no proof or finding that appellant's rights under the terms of the land contract were extinguished under Ohio Revised Code section 5313.06.

V. The evidence submitted in support of summary judgment did not comply with Civil Rule 56(e) and it was error to grant summary judgment.

## Motion for Relief from Judgment

{¶ 7} Pursuant to Civ.R. 60(B), a trial court has the authority to vacate a final judgment due to:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 8} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the

---

[2] *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040.

grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If a movant fails to satisfy any one of these requirements, the trial court should deny the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**Service**

{¶ 9} We consider the third assignment of error first for ease of discussion. In the third assignment of error, Kelly claims that Antonyzyn never perfected service of the complaint.

{¶ 10} Civ.R. 4(A) provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." Under Civ.R. 4.1(A), service may be made by certified or express mail, personal service, or residential service. "[S]ervice of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, ¶ 23, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980), and *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In this case, the court sent service of the complaint to Kelly at his Castle Avenue address via certified mail.

{¶ 11} The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). "[W]here the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. In order to rebut the presumption of proper service, the other party must produce "evidentiary-quality" information demonstrating that he or she did not receive service. *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 49, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23. The presumption of proper service may be rebutted by evidence that the party did not reside, nor received mail, at the address to which such certified mail service was addressed. *Schumacher* at *id.*, citing *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. Franklin No. 03AP-951, 2004-Ohio-2816, ¶ 10.

{¶ 12} Kelly contends that he never received service of the complaint; therefore, the trial court erred in denying his Civ.R. 60(B) motion. At the hearing on the motion, Kelly conceded that, at all relevant times, he lived at the address to which service was sent. He also admitted that he had previously ignored other court notices sent to his address. The certified mail return was signed "K.P. K.____."[3]

---

[3]The last name on the signature is illegible except for the first letter "K."

Kelly testified that he lived in the duplex with an adult roommate; the court docket indicates that the return was "signed by other."

{¶ 13} Kelly did not rebut the presumption of service by producing evidentiary-quality information to demonstrate that he did not receive service of the motion; Kelly's only evidence was his self-serving testimony that he did not receive the complaint. Therefore, we agree with the trial court that the magistrate did not err in finding that service had been perfected.

{¶ 14} The third assignment of error is overruled.

**Standing**

{¶ 15} In the first and second assignments of error, Kelly argues that the trial court erred in denying his motion for relief from judgment because Antonyzyn did not have standing to sue. Specifically, Kelly claims that while Antonyzyn purchased the Castle Avenue property, he did not purchase the land contract; therefore, Antonyzyn had no standing to sue him for payment on that contract.

{¶ 16} It is well-established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469, 715 N.E.2d 1062 (1999), citing *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994). "Lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure." *Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at paragraph two of the syllabus. Further, lack of standing does not affect the court's

subject matter jurisdiction and cannot be raised to collaterally attack a judgment. *Id.* at paragraph three of the syllabus.

{¶ 17} The issue of standing could have been raised during the foreclosure proceedings. Because it was not, res judicata prevents Kelly from using the issue to establish entitlement to relief under Civ.R. 60(B). *Id.* at ¶ 15; *see also City Natl. Bank v. Gides*, 11th Dist. Lake No. 2017-L-030, 2017-Ohio-7962, ¶ 21 (holding that appellant, who failed to raise the issue of appellee's standing at the trial-court level, was barred by res judicata from raising it on appeal.)

{¶ 18} Kelly contends that *Kuchta* is distinguishable from this case because in *Kuchta*, "the defendants appeared and were able to litigate the case." Kelly claims his situation differs because he was never served with the complaint and, therefore, did not know about the lawsuit. As was explained in the third assignment of error, Kelly was properly served; therefore, his argument is unpersuasive.

{¶ 19} Kelly was able to raise the issue of Antonyzyn's standing in the case; he did not and did not file an appeal from the trial court's judgment. It is well-established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Kuchta* at ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43; *see also Gides* (holding that a party's purported lack of standing cannot form the basis of a Civ.R. 60(B)(5) motion):

> Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata.

However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision.

(Citations omitted.) *Kuchta* at *id.*

{¶ 20} We find that Kelly's claim is barred by res judicata and he is prohibited from using a Civ.R. 60(B) motion as a substitute for appeal.

{¶ 21} The first and second assignments of error are overruled.

## Payments on Land Contract

{¶ 22} In the fourth assignment of error, Kelly contends that the magistrate erred because the magistrate did not consider that Kelly had paid off the land contract. According to Kelly, his meritorious defense was that he paid the full balance on the land contract. In support of this claim, Kelly submitted two checks in the amount of $151.40 each. He also submitted a check register, purporting to show payments he made on the land contract. The magistrate concluded that Kelly had not presented sufficient evidence of a meritorious defense. The trial court agreed, finding that Kelly's "defense of payment," was not sufficient to explain why it was reasonable for Kelly to delay a year and a half after judgment to file a motion for relief for judgment.

{¶ 23} We agree. Even if the trial court considered Kelly's claim that he had made prior payments on the land contract, such consideration would not justify Kelly waiting a year and a half after the court rendered judgment to file his Civ.R. 60(B) motion for relief from judgment. Moreover, Kelly has not shown that he was

entitled to relief pursuant to Civ.R. 60(B)(5) — he was unable to show that he paid more than two payments on the contract.

{¶ 24} The fourth assignment of error is overruled.

**Summary Judgment**

{¶ 25} In the fifth assignment of error, Kelly contends that the trial court erred in considering some of the evidence submitted in support of Antonyzyn's summary judgment motion and erred in granting the motion.

{¶ 26} As previously stated, the proper course of action to object to the trial court's granting of summary judgment was via a direct appeal, which Kelly did not file. Kelly's stated reasons for not appealing the summary judgment have already been addressed. Kelly cannot bootstrap his claims in a Civ.R. 60(B) motion when he should have filed a direct appeal.

> This court has consistently declined to "address assignments of error from an order that was not the subject of a timely notice of appeal when those arguments are raised as an otherwise timely appeal — an act we call 'bootstrapping.'" "The reason why we prohibit bootstrapping in cases like this is that a Civ.R. 60(B) motion for relief from judgment is not a substitution for an appeal."

(Citations omitted.) *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12.

{¶ 27} Accordingly, the fifth and final assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR