[Cite as *Buckner v. Washington Mut. Bank*, 2014-Ohio-5189.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LORIN K. BUCKNER, et al., | : | |
| Plaintiffs-Appellants, | : | CASE NO. CA2014-01-012 |
| | : | O P I N I O N |
| - vs - | | 11/24/2014 |
| | : | |
| WASHINGTON MUTUAL BANK, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-10-3740


Kahler Law Office, LLC, Tyler W. Kahler, 3775 Wales Avenue, N.W., Massillon, Ohio 44646, for plaintiffs-appellants

Thompson Hine LLP, Jessica E. Salisbury-Cooper, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342, and Stephen D. Williger, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114, for defendant-appellee, JPMorgan Chase


**HENDRICKSON, P.J.**

{¶ 1} Plaintiffs-appellants, Lorin and Renee Buckner ("the Buckners"), appeal from a decision of the Butler County Court of Common Pleas granting summary judgment to defendant-appellee, JPMorgan Chase Bank, N.A. ("Chase"), on a complaint that challenged the validity of a 2004 loan and a 2010 decree of foreclosure.

{¶ 2} In February 2004, the Buckners executed a promissory note ("2004 note") in

favor of Washington Mutual Bank, F.A. ("WAMU"), in the amount of $260,000 for the purchase of real property located at 6119 Creekside Way in Hamilton, Ohio. The note was secured by a mortgage on the Creekside Way property that designated the Buckners as the borrowers and mortgagors, and WAMU as the lender and mortgagee.

{¶ 3} In September 2008, WAMU ceased operations, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver of all WAMU's assets. At the same time, pursuant to the terms and conditions of a purchase and assumption agreement between Chase and the FDIC, Chase acquired all of WAMU's loan assets. As a result, in September 2008, Chase became the owner of the 2004 note.

{¶ 4} The Buckners eventually defaulted on the note, and Chase filed a complaint for foreclosure in January 2010. In April 2010, the trial court granted Chase's motion for summary judgment, and issued a decree of foreclosure and order for a sheriff's sale. The Buckners filed a Civ.R. 60(B) motion for relief from the decree of foreclosure, but it is not clear from the record when they filed it, upon what grounds they sought relief, or whether the trial court ruled on the matter. It does not appear as though the Buckners appealed any decision.

{¶ 5} In October 2012, more than two years after the decree of foreclosure and less than one week before the sheriff's sale was to be held, the Buckners filed the complaint that serves as the basis for the present appeal. In their complaint, the Buckners requested a judgment quieting title in their favor; a declaratory judgment that the 2010 decree of foreclosure in favor of Chase was void as Chase lacked standing; and a rescission of the 2004 note. In addition, the Buckners asserted claims for fraudulent concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, and violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act.

{¶ 6} The complaint named as defendants WAMU, the Federal National Mortgage

Association ("Fannie Mae"), the Mortgage Electronic Registration System ("MERS"), and "[John] Does 1 through 100," but did not name Chase. In November 2012, Chase filed a notice of appearance explaining that WAMU was improperly named, and that Chase, as the acquirer of WAMU's loan assets through the FDIC, was the proper defendant. In February 2013, Chase filed a joint answer on behalf of all defendants. Several months later, in June 2013, Chase filed a motion for summary judgment.

{¶ 7} On December 20, 2013, the trial court granted summary judgment in favor of all defendants. In reaching its decision, the trial court stated:

> The Defendant[s]'s Motion for Summary Judgment was filed on June 28, 2013, but no one served the Court as required by local rule. As of today, no response has been filed by Defendant[s] nor has there been a request for an extension of time to respond.
>
> * * *
>
> Regardless of [the Buckners'] lack of response [to the motion for summary judgment], Defendants' [sic] would prevail on the present motion based upon the doctrine of *res judicata* [sic] and the applicable statute of limitations * * *.

{¶ 8} The Buckners timely appealed, raising four assignments of error. For ease of discussion, we address the assignments out of order.

{¶ 9} Assignment of Error No. 4:

{¶ 10} THE TRIAL COURT ERRED BY DENYING APPELLANT-PLAINTIFFS' TWO MOTIONS FOR A CONTINUANCE PURSUANT TO CIV.R. 56(F) AND THE MOTION FOR EXTENSION PURSUANT TO CIV.R. 6.

{¶ 11} Despite the trial court's statement to the contrary, the record shows that both parties made multiple motions prior to the court's ruling on the motion for summary judgment. Three of these motions, the Buckners' two Civ.R. 56(F) motions for a continuance and their Civ.R. 6(B) motion for an extension, are pertinent to the Buckners' fourth assignment of error.

{¶ 12} In July 2013, one week after the discovery deadline expired, the Buckners filed

a motion for a continuance pursuant to Civ.R. 56(F). The trial court did not rule on the motion. The trial court expressly denied the Buckners' second Civ.R. 56(F) motion, filed in August 2013. In early November 2013, Chase filed a supplemental motion for summary judgment, and the Buckners filed a motion for an extension pursuant to Civ.R. 6, requesting additional time to respond. The trial court granted the Buckners' motion for an extension.

{¶ 13} The Buckners contend the trial court erred in denying their various motions to continue. They argue the Civ.R. 56(F) motions should have been granted because the motions identified the specific documents the Buckners were looking for, and explained their relevance. As to their Civ.R. 6 motion, the Buckners assert the trial court should have granted them an extension because they were unable to file on time due to the trial court's failure to rule on earlier motions.

{¶ 14} We find no merit to the Buckners' assertion that the trial court denied their Civ.R. 6 motion for an extension. The record is clear that the trial court granted that motion in an entry dated November 27, 2013, giving them additional time to file a response to Chase's supplemental motion for summary judgment. Accordingly, we find no error in the trial court's response to the Buckners' Civ.R. 6 motion.

{¶ 15} Nor do we find error in the trial court's response to the Buckners' Civ.R. 56(F) motions. Pursuant to Civ.R. 56(F), if it appears the party opposing a motion for summary judgment "cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may * * * order a continuance to permit affidavits to be obtained or discovery to be had * * *." A Civ.R. 56(F) motion must be supported by a proper affidavit. *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, ¶ 20 (12th Dist.). Additionally, general averments by the movant are insufficient; the movant "must state a factual basis and reasons *why the party cannot present sufficient documentary evidence without a continuance*." (Emphasis added.) *BAC Home Loans Servicing, L.P. v. Kolenich*,

194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 18 (12th Dist.).

{¶ 16} The trial court maintains the discretion to manage the discovery process, including the decision whether or not to grant a Civ.R. 56(F) motion for a continuance. *Id.* at ¶ 19. Accordingly, a trial court's decision regarding the regulation of discovery will not be reversed on appeal absent an abuse of discretion. *Id.* An abuse of discretion connotes more than an error in law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} The Buckners' motions did not conform with the requirements of Civ.R. 56(F). Neither motion was accompanied by a proper affidavit, or articulated reasons why the Buckners could not produce sufficient documentary evidence without a continuance. *See Silver* at ¶ 23. In addition, the Buckners had ample time for discovery. *See Kolenich* at ¶ 23. Several of the claims in the instant complaint challenge Chase's standing to initiate the 2010 foreclosure action. Therefore, the Buckners were aware of the need to obtain information regarding Chase's standing in the 2010 action. Yet by the time of the first Civ.R. 56(F) motion, the discovery deadline set in the pretrial order had expired, seven months had passed since the filing of the complaint, and Chase had already responded to an earlier request from the Buckners with over 160 pages of documents.

{¶ 18} As the Buckners failed to comply with the affidavit requirements of Civ.R. 56(F) and had ample time to conduct discovery prior to responding to the motion for summary judgment, we find the trial court did not abuse its discretion in denying the motion under Civ.R. 56(F).

{¶ 19} Therefore, the Buckners' fourth assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED BY DENYING APPELLANT-PLAINTIFFS' MOTION TO COMPEL FOR [SIC] PRODUCTION OF DOCUMENTS.

{¶ 22} In November 2013, the Buckners filed a motion to compel the production of documents asking the court to compel Chase to produce the "original wet ink signature promissory note," verified accounting records, and written authority from "the verified true Note Holder in Due Course giving Defendant the right to service the loan."[1]  The trial court did not rule on the motion, which the parties rightly interpreted as an implicit denial.  *See, e.g., State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998) ("when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it").  The Buckners now argue the trial court erred in denying the motion because Chase failed to show the requested information would not reasonably lead to the discovery of admissible evidence.

{¶ 23} As mentioned previously, the trial court maintains the discretion to manage the discovery process, and its decisions regarding the regulation of discovery will not be reversed on appeal absent an abuse of that discretion.  *Kolenich*, 194 Ohio App.3d at ¶ 19; *see also Bank of Am., N.A. v. Singh*, 12th Dist. Butler No. CA2012-07-146, 2013-Ohio-1305, ¶ 17.

{¶ 24} Civ.R. 34(A) provides that any party may serve on any other party a request to produce any designated materials that are in the possession, custody, or control of the party upon whom the request is served.  If the party upon whom the request is served fails to answer the request for inspection, then Civ.R. 37(A)(2) allows the requesting party to move for an order to compel discovery.  Civ.R. 37(A)(3) establishes that an evasive or incomplete answer is a failure to answer.

{¶ 25} However, before it has recourse under Civ.R. 37, the requesting party has the duty to first attempt to resolve the dispute informally prior to filing a motion to compel.  Civ.R.

---

1. The Buckners' motion also sought to compel Chase to generate several affidavits regarding the note, but they do not contest on appeal the trial court's denial of those requests.  The Buckners also do not challenge the trial court's denial of their motion to compel styled, "Motion to Compel Defendant's Attorneys to Submit an Affidavit to this Court Stating Wether [sic] or Not They are Representing the Holder in Due Course and the Creditor in this Matter."

37(E); *see also Briggs v. Glenbeigh Health Services,* 8th Dist. Cuyahoga Nos. 77395 and 77665, 2000 WL 1754008, *3 (Nov. 30, 2000). If, after attempting to resolve the dispute, it becomes necessary for the requesting party to make a motion to compel, that motion must "be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section." Civ.R. 37(E).

{¶ 26} We find that the trial court did not abuse its discretion when it denied the Buckners' motion to compel. The Buckners' motion contains no recitation whatsoever of the efforts made to resolve the matter prior to seeking court intervention. Civ.R. 37(E); *see also Deutsche Bank Nat. Trust Co. v. Doucet*, 10th Dist. Franklin No. 07AP-453, 2008-Ohio-589, ¶ 20-21. Moreover, even if the Buckners had followed the correct procedure, the trial court did not abuse its discretion in denying the motion. The trial court could reasonably have concluded that the 160 pages of documents Chase shared with the Buckners after their initial discovery request was not "incomplete" or "evasive" under Civ.R. 37(A)(3). In addition, as noted in the prior assignment of error, the Buckners had ample time for discovery prior to their Civ.R. 56(F) motions filed in July and August 2013. We find the same to be true of the motion to compel filed in October 2013.

{¶ 27} Consequently, the Buckners' third assignment of error is overruled.

{¶ 28} The Buckners' remaining assignments of error challenge the merits of the trial court's decision. The arguments are closely related, so we address them together.

{¶ 29} Assignment of Error No. 1:

{¶ 30} THE TRIAL COURT ERRED BY GRANTING APPELLEE-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT EXIST AND WHERE THE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶ 31} Assignment of Error No. 2:

{¶ 32} THE TRIAL COURT ERRED IN HOLDING THAT *RES JUDICATA* [SIC] OR A STATUTE OF LIMITATIONS BARRED THIS ACTION WHERE THE CHALLENGE TO THE FORECLOSURE JUDGMENT WAS THAT IT WAS *VOID AB INITIO* [SIC] FOR LACK OF JURISDICTION.

{¶ 33} Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Bank of Am., N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 32. Thus, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 17. Civ.R. 56(C) sets forth the conditions under which it is appropriate to grant summary judgment: (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

**1. Genuine Issues of Material Fact**

{¶ 34} In December 2013, the Buckners filed a response to Chase's motion for summary judgment entitled "Plaintiff Motion to Strike and Opposition to Defendant's Motion for Summary Judgment" ("response"). With their response, the Buckners filed "Exhibit D," which included a "Property Securitization Analysis Report" on the 2004 note, and an affidavit from Michael Carrigan, a "Certified Mortgage Securitization Auditor" from California who authored the report. Carrigan's report and affidavit suggested that in April 2004, the 2004 note "may have been sold, transferred, assigned, and securitized into" an investment conduit trust owned by Fannie Mae. The trial court did not acknowledge the Buckners' response in its decision granting summary judgment.

{¶ 35} The Buckners now argue the trial court was wrong to ignore their response, and that Exhibit D raised a genuine issue of material fact. Specifically, the Buckners claim Exhibit D shows the 2004 note was securitized in a Fannie Mae investment trust in 2004, and therefore was not among WAMU's loan assets transferred to Chase through the FDIC in 2008. Consequently, they assert that Chase's standing to foreclose on the 2004 note is an issue of fact that remains to be determined, and that the 2010 decree of foreclosure may be void.

{¶ 36} At the heart of the Buckners' argument on this point is the proposition that a party's lack of standing in a foreclosure action renders the judgment void. This proposition was recently rejected by the Ohio Supreme Court in *Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275.

{¶ 37} In *Kuchta*, the Supreme Court found that so long as "a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Id.* at ¶ 19. Because foreclosures are squarely within the subject-matter jurisdiction of a court of common pleas, a trial court's erroneous exercise of jurisdiction over a foreclosure proceeding in which a party lacks standing causes its judgment to be voidable, not void. *Id.* at ¶ 20. Hence, while a party's lack of standing can be challenged in the course of the foreclosure proceedings themselves or on direct appeal of the judgment, standing cannot be used to collaterally attack the judgment. *Id.* at ¶ 23-25.[2]

{¶ 38} Given the Supreme Court's ruling in *Kuchta*, we find that Chase's standing to foreclose on the 2004 note was not material to the trial court's resolution of the claims before

---

2. The *Kuchta* court found the Ohio Supreme Court's earlier decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017 to be of "limited applicability" to the *Kuchta* appellants' attempted collateral attack. *Kuchta* at ¶ 21. The court noted that *Schwartzwald* involved a direct appeal. *Id.*

it.  A material fact is one which would affect the outcome of the suit under the applicable substantive law.  *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. Butler No. CA2009-07-178, 2010-Ohio-2961, ¶ 9, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).  Even if we were to assume, without finding, that Chase did not own the note and did not have standing when it initiated foreclosure proceedings, lack of standing cannot be used to collaterally attack the 2010 decree of foreclosure.  *Kuchta* at ¶ 23.  Because Chase's standing was only subject to challenge in the foreclosure proceedings themselves or on direct appeal, that issue was not material to the trial court's consideration of the Buckners' present complaint.  *Id.*

### 2. Res Judicata and the Statute of Limitations

{¶ 39}  The Buckners also argue that the trial court was wrong to find that res judicata and the statute of limitations barred their present claims.  They contend that because Chase lacked standing to foreclose, the 2010 decree of foreclosure was void.

{¶ 40}  There are two facets to the doctrine of res judicata: claim preclusion and issue preclusion.  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995).  Claim preclusion, or estoppel by judgment, refers to the notion that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Id.* at 382.  It operates where a new claim shares three elements with a former claim: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits.  *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 38.

{¶ 41}  Chase is in privity with WAMU.  A person is in privity with another if he succeeds to an estate or an interest formerly held by that other.  *Id.* at ¶ 41.  As evidenced by the FDIC affidavit, Chase was the successor in interest to WAMU's loan assets in 2004.  Therefore, because the Buckners were party to both actions, there is an identity of parties

between the present action and the 2010 foreclosure proceedings.

**{¶ 42}** Moreover, there is an identity of the causes of action between the 2010 foreclosure proceedings and several of the Buckners' present claims. Multiple claims share an identity of the causes of action if the claims arise from "a common nucleus of operative facts." *Grava* at 382. This includes claims that could have been litigated in the previous suit, but that the parties either declined or failed to raise. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 2007-Ohio-1102, ¶ 6.

**{¶ 43}** The Buckners now seek to challenge several aspects of the 2004 loan transaction.[3] These claims are barred because they relate to the same nucleus of operative fact as the 2010 foreclosure proceedings, and could have been raised during those proceedings. *See, e.g., U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, ¶ 28 (finding a common nucleus of operative fact where claims in subsequent suits involved the same note, the same mortgage, and the same default as the original suit).

**{¶ 44}** The Buckners' remaining claims challenge Chase's standing in the 2010 foreclosure proceedings.[4] These claims are barred by issue preclusion.

**{¶ 45}** Issue preclusion, or collateral estoppel, holds

> [T]hat a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

*New Richmond v. Byrne*, 12th Dist. Clermont No. CA2010-01-004, 2010-Ohio-4948, ¶ 14,

---

3. Specifically, the Buckners' claims for fraudulent concealment, violations of the Truth in Lending Act, and violations of the Real Estate Settlement Procedures Act, and their demands to quiet title in their favor and for rescission of the 2004 note all involve the 2004 loan transaction.

4. With respect to the 2010 foreclosure proceedings, the Buckners allege that Chase intentionally misrepresented that it had standing to foreclose, and therefore was liable for fraud in the inducement, the intentional infliction of emotional distress, and slander of title.

quoting *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112 (1969).

**{¶ 46}** As discussed above, the Ohio Supreme Court has held that in a foreclosure action, a party's standing may be challenged either during the foreclosure proceedings themselves or on direct appeal. *Kuchta*, 2014-Ohio-4275 at ¶ 23. But the issue of standing "cannot be used to collaterally attack a judgment." *Id.* at ¶ 25. Therefore, the Buckners are precluded from raising issues related to Chase's standing to attack the 2010 decree of foreclosure.

**{¶ 47}** The Buckners also suggest that the trial court erred by finding the statute of limitations barred their claims, but we decline to explore that suggestion. App.R. 16(A)(7) requires that the appellant's merit brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error * * * if the party raising it * * * fails to argue the assignment separately in the brief, as required under App. R. 16(A)."

**{¶ 48}** Because the Buckners failed to present any specific argument with respect to statutes of limitations, we find they failed to comply with App.R. 16(A)(7). Therefore, under App.R. 12(A)(2), we disregard their suggestion that the trial court erred by finding they were barred by the statute of limitations from presenting their claims. *Kitchen v. Teeters*, 12th Dist. Clermont No. CA2011-06-048, 2012-Ohio-4343, ¶ 15

### 3. Failure to Consider the Buckners' Response

**{¶ 49}** Lastly, we address the Buckners' contention that the trial court erred by not considering their response to the motion for summary judgment before granting judgment in favor of all defendants.

**{¶ 50}** We agree that it was error for the trial court not to consider the Buckners'

response. *See Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992) ("Civ.R. 56[C] imposes an absolute duty upon a trial court to read and consider all pleadings, depositions, [and] * * * affidavits * * * when ruling on a motion for summary judgment"). However, an error is harmless and does not justify reversal of an otherwise valid adjudication where the error does not affect substantial rights of the complaining party, or the court's action is not inconsistent with substantial justice. Civ.R. 61; *Silver*, 190 Ohio App.3d 549 at ¶ 99.

{¶ 51} In order to find that substantial justice has been done, and that a party's substantial rights have not been affected, the reviewing court must determine that the trier of fact would have reached the same decision had the error not occurred. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, ¶ 35; *Moore v. Vandemark Co., Inc.*, 12th Dist. Clermont No. CA2003-07-063, 2004-Ohio-4313, ¶ 22.

{¶ 52} We find the trial court's failure to consider the Buckners' response to be harmless error. In its decision, the trial court expressly stated, "[r]egardless of [the Buckners'] lack of response [to the motion for summary judgment], Defendants' [sic] would prevail on the present motion based upon the doctrine of *res judicata* [sic] * * *." As discussed above, we agree with the trial court's conclusion that the Buckners' claims were barred by res judicata. Thus, even if all of the evidence is construed most strongly in favor of the Buckners, including that Chase lacked standing to initiate the 2010 foreclosure action, reasonable minds can come to only one conclusion, and that conclusion is adverse to the Buckners.

{¶ 53} For the foregoing reasons, the Buckners' first and second assignments of error are overruled.

{¶ 54} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.