[Cite as *Washington Mut. Bank v. Wallace*, 2014-Ohio-5317.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, F.A., | : | |
| | | CASE NOS. CA2014-02-024 |
| Plaintiff-Appellant/Cross-Appellee, | : | CA2014-02-031 |
| | : | O P I N I O N |
| - vs - | | 12/1/2014 |
| | : | |
| BETTY WALLACE, et al., | | |
| | : | |
| Defendants-Appellees/Cross-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 08 CV 71941

Thompson Hine LLP, Scott A. King, Terry W. Posey, Jr., Austin Landing I, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342-4934, for appellant/cross-appellee

Kendo, Alexander, Cooper & Engel LLP, Andrew M. Engel, 7925 Paragon Road, Centerville, Ohio 45459, for appellee/cross-appellant, Betty Wallace

**HENDRICKSON, P.J.**

{¶ 1}  Plaintiff-appellant/cross-appellee, Washington Mutual Bank, FA (WaMu) appeals from a decision of the Warren County Common Pleas Court dismissing WaMu's foreclosure action against defendant-appellee/cross-appellant, Betty Wallace.

**I. Facts**

{¶ 2}  On August 6, 1999, Wallace purchased a home in the village of Waynesville, Warren County, Ohio.  To finance the purchase of the home, Wallace executed a promissory

note in favor of Norwest Mortgage d.b.a. Directors Acceptance in the amount of $66,000. The note was secured by an open-end mortgage executed on the same day. On July 11, 2008, WaMu filed a complaint in foreclosure against Wallace, alleging it was the holder of Wallace's note and mortgage and that Wallace was in default. Attached to the complaint were a copy of the note in favor of Norwest with no indorsements and a copy of the mortgage in favor of Norwest. Wallace did not file an answer to the complaint. On August 14, 2008, 34 days after the filing of the complaint, Norwest's successor, Wells Fargo Bank, N.A., assigned the mortgage to WaMu. On August 20, 2008, WaMu filed a motion for default judgment. That same day, the trial court granted default judgment against Wallace and entered judgment in favor of WaMu in the amount of $60,114.11, plus interest at a rate of 9.5 percent per annum from March 1, 2008, "together with advances for taxes, insurance and otherwise expended, plus costs." The property was then set to be sold at a sheriff's sale.[1]

**{¶ 3}** On May 11, 2009, Wallace filed a motion to vacate the 2008 default judgment entered against her. Wallace argued that WaMu lacked standing to initiate the foreclosure action as it failed to demonstrate it was the holder of the note and the owner of the mortgage at the time the complaint was filed. Wallace asserted the trial court did not have subject-matter jurisdiction over the action as a result of WaMu's lack of standing, and therefore the judgment in favor of WaMu was void. Wallace also filed a motion to vacate the sheriff sale set for June 1, 2009. The trial court granted the motion and cancelled the sheriff's sale. Then on May 14, 2009, Wallace filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3) and (5). In this motion, Wallace argued she was entitled to relief because WaMu lacked standing to bring the 2008 foreclosure action and that the judgment entry was void for

---

1. Originally, the sheriff's sale was set for December 8, 2008. However, the property was withdrawn from the sheriff's sale so that the matter could be reviewed by WaMu in its "loss mitigation program." A few months later, the property was once again scheduled to be sold at a sheriff's sale occurring on June 1, 2009.

vagueness.

{¶ 4} After holding a hearing on Wallace's motion to vacate a void judgment and her Civ.R. 60(B) motion for relief from judgment, the magistrate issued a decision overruling both motions. Wallace filed timely objections. On September 24, 2009, the trial court overruled Wallace's objections and adopted the magistrate's decision as the decision of the court. On October 27, 2010, Wallace timely appealed the trial court's decision to this court.[2]

{¶ 5} In *Washington Mut. Bank, FA v. Wallace*, 194 Ohio App.3d 549, 2011-Ohio-4174 (12th Dist.) (*Wallace I*), this court affirmed the trial court's decision overruling Wallace's motion to vacate and motion for relief from judgment. In so holding, we observed that "WaMu became the real party in interest in the foreclosure action 34 days later on August 14, 2008, when Norwest's successor, Wells Fargo, executed a written assignment of Wallace's note and mortgage to WaMu." *Wallace I* at ¶ 40. Accordingly, we found the trial court had subject-matter jurisdiction to enter default judgment against Wallace. *Id.* at ¶ 41.

{¶ 6} Wallace appealed this court's decision to the Ohio Supreme Court. The Supreme Court accepted jurisdiction over the case, and the case was held for the Supreme Court's decision in *Fed. Home Loan Mortgage Corp. v. Duane Schwartzwald, et al.*[3] *Washington Mut. Bank, FA v. Wallace*, Supreme Court No. 2011-1693, (Dec. 21, 2011) (Entry Granting Discretionary Appeal).

{¶ 7} On October 31, 2012, the Ohio Supreme Court announced its opinion in *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017

---

2. While Wallace's appeal was pending, a sheriff's sale was held on December 20, 2010, and the property was purchased by WaMu for $66,667. WaMu subsequently assigned its bid to its successor in interest and receiver, JPMorgan Chase Bank. On January 24, 2011, a journal entry was filed, confirming the sale, and distributing the sale proceeds. No appeal was taken from this entry and Wallace did not request a stay in the proceedings.

3. In addition to accepting the case as a discretionary appeal, the Supreme Court also accepted review over the appeal based on this court's certification that the decision in *Wallace I* conflicted with judgments from the First District Court of Appeals and Eighth District Court of Appeals. *Washington Mut. Bank, FA v. Wallace*, Supreme Court No. 2011-1694, (Dec. 21, 2011) (Entry Finding Conflict and Holding Cause).

(*Schwartzwald*). In *Schwartzwald,* the Supreme Court held that "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." *Id.* at ¶ 3. Moreover, the court determined that a plaintiff in a foreclosure action must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court. *Id.* at ¶ 24-25. Upon establishing this new standard for standing in foreclosure actions, the Ohio Supreme Court reversed this court's decision in *Wallace I* and remanded the matter to the trial court for further proceedings consistent with *Schwartzwald.*[4] *Washington Mut. Bank, FA v. Wallace*, 134 Ohio St.3d 359, 2012-Ohio-5495, ¶ 1.

{¶ 8} Upon remand, WaMu filed a "Supplemental Opposition to Motion to Vacate Judgment" arguing it met the *Schwartzwald* standard as WaMu had possession of the note, indorsed in blank, prior to the filing of the complaint in this matter. To support these assertions, WaMu filed the affidavit of Amanda Weatherly (Weatherly affidavit), vice president of loan documentation for Wells Fargo, servicing agent for JPMorgan Chase, successor of WaMu. Attached to the affidavit was a copy of the note which contained an undated blank indorsement by Norwest.

{¶ 9} On July 2, 2013, Wallace filed a motion to strike WaMu's supplemental memorandum and the accompanying affidavit. Wallace asserted Weatherly's affidavit was improper as it was not based upon personal knowledge. Moreover, Wallace claimed the trial court was restricted to the prior record in conducting the proceedings on remand as collateral estoppel and the law of the case doctrine barred reopening the issue of WaMu's standing.

{¶ 10} A hearing on the parties' motions took place on July 9, 2013. Subsequently,

---

4. Although the Supreme Court's decision did not differentiate between the two motions and reversed *Wallace I* as a whole, it appears from the record that on remand, Wallace only pursed her motion to vacate a void judgment. Accordingly, we limit our discussion to this motion.

the magistrate issued a decision finding the previously established facts in the case demonstrated that WaMu did not have standing at the time it filed its complaint. Pursuant to *Schwarzwald*, the magistrate further found that this lack of standing deprived the court of jurisdiction, and accordingly dismissed the action without prejudice. The magistrate did not address Wallace's motion to strike.

{¶ 11} Both parties filed objections to the magistrate's decision. The trial court overruled all objections, denied Wallace's motion to strike, and adopted the magistrate's decision. In adopting the magistrate's decision, the trial court found it was not required to consider Weatherly's affidavit because the law of the case, as set forth in *Wallace I*, established that WaMu lacked standing to initiate the foreclosure action. Consequently, the trial court concluded that WaMu's lack of standing deprived the court of jurisdiction over the matter and dismissed the case.

{¶ 12} Both parties timely appealed, each raising one assignment of error.

## II. Analysis

{¶ 13} WaMu's assignment of error:

{¶ 14} THE TRIAL COURT ERRED IN GRANTING THE MOTION TO VACATE A VOID JUDGMENT AND DISMISSING THIS CASE.

{¶ 15} Wallace's cross-assignment of error:

{¶ 16} THE TRIAL COURT ERRED IN OVERRULING WALLACE'S MOTION TO STRIKE SUPPLEMENTAL OPPOSITION AND AFFIDAVIT OF AMANDA WEATHERLY.

{¶ 17} In this case, the state of law has changed since the trial court rendered its decision from which the parties now appeal. While this appeal was pending, the Ohio Supreme Court of Ohio announced its decision in *Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275. The decision in *Kuchta* greatly narrowed the application of *Schwartzwald* in cases where a party is challenging standing in a collateral attack on a

- 5 -

judgment in foreclosure, such as in a Civ.R. 60(B) motion or a common law motion to vacate a void judgment. In recognizing *Kuchta's* departure, in certain instances, from the standards announced in *Schwarwald*, this court requested the parties file supplemental briefs regarding the effect of the *Kuchta* decision on the instant appeal. *Washington Mutual Bank, FA v. Wallace*, 12th Dist. Warren No. CA2014-02-024 (Oct. 17, 2014) (Entry Ordering Supplemental Briefs). The parties have complied and filed their respective briefs

{¶ 18} As *Kuchta* represents the current law in Ohio, we address the parties' assignments of error in light of this decision. *See Kozel v. Andrews*, 5th Dist. Tuscarawas No. 2012 AP 11 0066, 2013-Ohio-3887, ¶ 34, quoting *Vujovic v. Vujovic*, 9th Dist. Medina No. 04CA0083-M, 2005-Ohio-3942, ¶ 14 ("[W]hen case law controlling disposition of a pending appeal changes during the pendency of the appeal, the reviewing court should apply the new law to the pending appeal").

## A. WaMu's Assignment of Error

{¶ 19} In its sole assignment of error, WaMu asserts the trial court erred in granting Wallace's motion to vacate a void judgment and dismissing the foreclosure action. Specifically, WaMu argues that the trial court erred in relying on the law of the case doctrine to conclude WaMu lacked standing to initiate the instant foreclosure action against Wallace. In addition, WaMu asserts that the trial court was not limited on remand to the record as it existed at the time of its original decision on Wallace's motion to vacate. Rather, the remand from the Supreme Court implicitly contemplated that the trial court would receive new evidence to determine if the *Schwartzwald* standard had been met in this case.

{¶ 20} After reviewing the record, we do not find the law of the case doctrine is applicable to the instant matter. The law of the case doctrine is rooted in principles of res judicata and issue preclusion. *State ex rel. Union Twp. v. Union Twp. Prof. Firefighters, IAFF Loc. 3412*, 12th Dist. Clermont No. CA2013-08-064, 2014-Ohio-1582, ¶ 14. Pursuant to this

doctrine, "the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Mansour v. Croushore,* 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 25 (12th Dist.), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 2-3 (1984). The law of the case doctrine does not apply where there has been an intervening decision by the Supreme Court that is inconsistent with the law of the case. *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 19; s*ee also Roush v. Brown*, 12th Dist. Butler No. CA2009-09-225, 2010-Ohio-1520, ¶ 15. The doctrine is considered a rule of practice, rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 15; *Brackett v. Moler Raceway Park, L.L.C.*, 12th Dist. Brown No. CA2012-06-009, 2013-Ohio-1102, ¶ 8.

**{¶ 21}** In this case, the trial court mistakenly relied on a factual observation we made in *Wallace I* to find the law of the case required WaMu's complaint be dismissed. Specifically, the trial court stated:

> The Ohio Supreme Court's opinion in *Schwartzwald* reversed only the outcome of the Twelfth District's opinion in *Wallace [I]*; it did not alter or reverse the *factual determinations* found within. Therefore, the Twelfth District's finding that WaMu was not the holder of the note and mortgage at the time the complaint was filed remains the law of the case. (Emphasis added.)

Since the law of the case applies only to legal questions, our statements regarding factual observations in *Wallace I* do not represent the law of the case. Moreover, the decision in *Schwartzwald* created a change in the law which was inconsistent with the legal conclusion reached by this court in *Wallace I*. The statements and conclusions made by this court in *Wallace I* were drawn after the application of *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998) which permitted a lack of standing to be cured by substituting the proper party under Civ.R. 17. *See Wallace I* at ¶ 32, 40, 42. As *Schwartzwald* represented a change in

decisional law and a departure from the conclusions reached in *Wallace I*, *Wallace I* does not represent the law of the case. Accordingly, we sustain WaMu's assignment of error to the extent the trial court erred in relying on the law of the case doctrine in rendering its decision.

## B. Wallace's Cross-Assignment of Error

{¶ 22} In a cross-assignment of error, Wallace argues the trial court erred by failing to strike WaMu's "Supplemental Opposition to Motion to Vacate Judgment" and Weatherly's affidavit. Wallace asserts the trial court was required to and properly decided her motion to vacate a void judgment based on the law of the case and on the record as it existed prior to the appeal in *Wallace I.* In the alternative, Wallace asserts that if this court finds the trial court erred in dismissing the case, this court should find the trial court also erred in denying her motion to strike because Weatherly's affidavit was deficient as it was not based on personal knowledge and referenced documents not attached to the affidavit.

{¶ 23} For the reasons discussed above, we again reiterate that the trial court erred in relying on the law of the case in rendering its decision. To the extent that Wallace's cross-assignment of error argues the trial court should have ruled on her motion to vacate a void judgment based on the record as it existed prior to the appeal in *Wallace I*, we overrule her cross-assignment of error. *See M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 9-10 (finding *Schwartzwald* does not require a plaintiff to establish standing by way of the attachments to the complaint). As to the portion of Wallace's cross-assignment of error which challenges the merits of Weatherly's affidavit, we find these issues are not ripe for review. It is clear from the record that the trial court never considered the parties' remaining arguments regarding Weatherly's affidavit, its alleged deficiencies, or whether such evidence proved WaMu's standing under the note at the time the foreclosure action was initiated. Rather, the trial court erroneously decided the motion to vacate a void judgment based on the law of the case doctrine. As the trial court has yet to consider and

address the propriety of Weatherly's affidavit, we are unable to address these issues on appeal. *See State v. McCarty*, 12th Dist. Butler No. CA2006-04-093, 2007-Ohio-2290, ¶ 15, quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998).

### C. *Kuchta's* Impact

{¶ 24} The effect of the Supreme Court of Ohio's decision to reverse *Wallace I* and remand the matter to the trial court was to reinstate the case to the docket prior to the ruling on Wallace's motion to vacate a void judgment. *See Denver v. Denver*, 12th Dist. Clermont No. CA2000-01-007, 2000 WL 1902195, *8 (Dec. 29, 2000) ("[t]he effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition before the error occurred"). Pursuant to the Supreme Court's remand, the trial court was required to conduct "further proceedings consistent with *Schwartzwald*." *Washington Mut. Bank, FA v. Wallace*, 134 Ohio St.3d 359, 2012-Ohio-5495, ¶ 1. As stated previously, the decision in *Bank of Am., N.A. v. Kuchta*, Slip Opinion No. 2014-Ohio-4275, significantly narrowed the application of *Schwartzwald* where a party challenges standing by means of a collateral attack on a foreclosure judgment. *Kuchta* at ¶ 21 ("because *Schwartzwald* involved a direct appeal, it is of limited applicability to the attempted collateral attack in the present case"); *see also Buckner v. Washington Mutual Bank*, 12th Dist. No. CA2014-01-012, 2014-Ohio-5189, ¶ 37, fn. 2.

{¶ 25} In *Kuchta*, the Supreme Court explained that while a party's lack of standing can be challenged in the course of the foreclosure proceedings themselves or on direct appeal of the judgment, res judicata bars a party from asserting a lack of standing in a collateral attack on a final judgment in foreclosure. *Kuchta* at paragraph two of the syllabus, ¶ 8, 23-25; *Buckner* at ¶ 37. In addition, the Supreme Court held that "although standing is required in order to invoke the jurisdiction of the court over a particular action in foreclosure,

lack of standing does not affect the subject-matter jurisdiction of a court of common pleas." *Kuchta* at ¶ 25. In so holding, the court specifically rejected the notion that a party's lack of standing in a foreclosure action renders the judgment void for lack of subject-matter jurisdiction. *Id.* at ¶ 17. Rather, "a court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing." *Id.* Finally, the Supreme Court noted that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Id.* at ¶ 20, citing *Robinson v. Williams*, 62 Ohio St. 401, 408 (1900).

{¶ 26} In light of the Ohio Supreme Court's decision in *Kuchta*, we conclude the Warren County Court of Common Pleas has subject-matter jurisdiction over actions in foreclosure, including the present foreclosure action. WaMu's alleged lack of standing to initiate the instant foreclosure action against Wallace has no effect on the subject-matter jurisdiction of the trial court. Moreover, WaMu's alleged lack of standing does not render the 2008 judgment void ab initio for lack of subject-matter jurisdiction and cannot be used to collaterally attack the 2008 decree in foreclosure. Accordingly, we find the trial court did have subject matter jurisdiction over the case, and WaMu's foreclosure action should not have been dismissed.

### III. Conclusion

{¶ 27} Based on the foregoing, WaMu's assignment of error is sustained, and Wallace's cross-assignment of error is overruled. The trial court's finding that it did not have jurisdiction over the instant case and its dismissal of WaMu's foreclosure action is reversed, and the matter is remanded for consideration of Wallace's motion to vacate a void judgment. In ruling on Wallace's motion, the trial court is still required to conduct its proceedings in a manner consistent with *Schwartzwald* and as modified by *Kuchta.*

{¶ 28} Judgment reversed and remanded.

S. POWELL and M. POWELL, JJ., concur.