[Cite as *Washington Mut. Bank, F.A. v. Wallace*, 2016-Ohio-7992.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL BANK, F.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-05-037 |
| | : | O P I N I O N |
| - vs - | | 12/5/2016 |
| | : | |
| BETTY WALLACE, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 08 CV 71941

Thompson Hine, LLP, Scott A. King, Terry W. Posey, Jr., Austin Landing I, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342, for plaintiff-appellee

Betty Wallace, 88 South Third Street, Waynesville, Ohio 45068, appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Betty Wallace, appeals from a decision of the Warren County Court of Common Pleas overruling her motion to vacate a 2008 default judgment that was entered against her and in favor of plaintiff-appellee, Washington Mutual Bank, F.A. ("WaMu"). For the reasons set forth below, we affirm the trial court's decision.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} The facts pertinent to this case were previously set forth in *Washington Mut.*

*Bank, F.A. v. Wallace*, 12th Dist. Warren Nos. CA2014-02-024 and CA2014-02-031, 2014-Ohio-5317 (hereafter, "*Wallace II*"), and are as follows:

> On August 6, 1999, Wallace purchased a home in the village of Waynesville, Warren County, Ohio. To finance the purchase of the home, Wallace executed a promissory note in favor of Norwest Mortgage d.b.a. Directors Acceptance in the amount of $66,000. The note was secured by an open-end mortgage executed on the same day. On July 11, 2008, WaMu filed a complaint in foreclosure against Wallace, alleging it was the holder of Wallace's note and mortgage and that Wallace was in default. Attached to the complaint were a copy of the note in favor of Norwest with no indorsements and a copy of the mortgage in favor of Norwest. Wallace did not file an answer to the complaint. On August 14, 2008, 34 days after the filing of the complaint, Norwest's successor, Wells Fargo Bank, N.A., assigned the mortgage to WaMu. On August 20, 2008, WaMu filed a motion for default judgment. That same day, the trial court granted default judgment against Wallace and entered judgment in favor of WaMu in the amount of $60,114.11, plus interest at a rate of 9.5 percent per annum from March 1, 2008, "together with advances for taxes, insurance and otherwise expended, plus costs." The property was then set to be sold at a sheriff's sale.
>
> On May 11, 2009, Wallace filed a motion to vacate the 2008 default judgment entered against her. Wallace argued that WaMu lacked standing to initiate the foreclosure action as it failed to demonstrate it was the holder of the note and the owner of the mortgage at the time the complaint was filed. Wallace asserted the trial court did not have subject-matter jurisdiction over the action as a result of WaMu's lack of standing, and therefore the judgment in favor of WaMu was void. Wallace also filed a motion to vacate the sheriff sale set for June 1, 2009. The trial court granted the motion and cancelled the sheriff's sale. Then on May 14, 2009, Wallace filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3) and (5). In this motion, Wallace argued she was entitled to relief because WaMu lacked standing to bring the 2008 foreclosure action and that the judgment entry was void for vagueness.
>
> After holding a hearing on Wallace's motion to vacate a void judgment and her Civ.R. 60(B) motion for relief from judgment, the magistrate issued a decision overruling both motions. Wallace filed timely objections. On September 2[8], 20[10], the trial court overruled Wallace's objections and adopted the magistrate's decision as the decision of the court. On October 27, 2010, Wallace timely appealed the trial court's decision to this court.
>
> In *Washington Mut. Bank, FA v. Wallace,* 194 Ohio App.3d 549,

2011-Ohio-4174 (12th Dist.) (*Wallace I*), this court affirmed the trial court's decision overruling Wallace's motion to vacate and motion for relief from judgment. In so holding, we observed that "WaMu became the real party in interest in the foreclosure action 34 days later on August 14, 2008, when Norwest's successor, Wells Fargo, executed a written assignment of Wallace's note and mortgage to WaMu." *Wallace I* at ¶ 40. Accordingly, we found the trial court had subject-matter jurisdiction to enter default judgment against Wallace. *Id.* at ¶ 41.

Wallace appealed this court's decision to the Ohio Supreme Court. The Supreme Court accepted jurisdiction over the case, and the case was held for the Supreme Court's decision in *Fed. Home Loan Mortgage Corp. v. Duane Schwartzwald, et al. Washington Mut. Bank, FA v. Wallace,* Supreme Court No. 2011-1693, (Dec. 21, 2011) (Entry Granting Discretionary Appeal).

On October 31, 2012, the Ohio Supreme Court announced its opinion in *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017 (*Schwartzwald*). In *Schwartzwald,* the Supreme Court held that "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." *Id.* at ¶ 3. Moreover, the court determined that a plaintiff in a foreclosure action must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court. *Id.* at ¶ 24-25. Upon establishing this new standard for standing in foreclosure actions, the Ohio Supreme Court reversed this court's decision in *Wallace I* and remanded the matter to the trial court for further proceedings consistent with *Schwartzwald. Washington Mut. Bank, FA v. Wallace,* 134 Ohio St.3d 359, 2012-Ohio-5495, 982 N.E.2d 691, ¶ 1.

Upon remand, WaMu filed a "Supplemental Opposition to Motion to Vacate Judgment" arguing it met the *Schwartzwald* standard as WaMu had possession of the note, indorsed in blank, prior to the filing of the complaint in this matter. To support these assertions, WaMu filed the affidavit of Amanda Weatherly (Weatherly affidavit), vice president of loan documentation for Wells Fargo, servicing agent for JPMorgan Chase, successor of WaMu. Attached to the affidavit was a copy of the note which contained an undated blank indorsement by Norwest.

On July 2, 2013, Wallace filed a motion to strike WaMu's supplemental memorandum and the accompanying affidavit. Wallace asserted Weatherly's affidavit was improper as it was not based upon personal knowledge. Moreover, Wallace claimed the trial court was restricted to the prior record in conducting the proceedings on remand as collateral estoppel and the law of the

case doctrine barred reopening the issue of WaMu's standing.

A hearing on the parties' motions took place on July 9, 2013. Subsequently, the magistrate issued a decision finding the previously established facts in the case demonstrated that WaMu did not have standing at the time it filed its complaint. Pursuant to *Schwartzwald,* the magistrate further found that this lack of standing deprived the court of jurisdiction, and accordingly dismissed the action without prejudice. The magistrate did not address Wallace's motion to strike.

Both parties filed objections to the magistrate's decision. The trial court overruled all objections, denied Wallace's motion to strike, and adopted the magistrate's decision. In adopting the magistrate's decision, the trial court found it was not required to consider Weatherly's affidavit because the law of the case, as set forth in *Wallace I*, established that WaMu lacked standing to initiate the foreclosure action. Consequently, the trial court concluded that WaMu's lack of standing deprived the court of jurisdiction over the matter and dismissed the case.

(Footnotes omitted.) *Wallace II* at ¶ 2-11.

{¶ 3} Both WaMu and Wallace appealed the trial court's decision. In *Wallace II*, we noted Wallace had only preserved issues relating to her motion to vacate a void judgment. *Id.* at ¶ 7, fn. 4. We found the trial court had erred in relying on the law of the case doctrine in rendering its decision, that Wallace's motion to strike Weatherly's affidavit was not ripe for review, and that the trial court had erred in determining it lacked jurisdiction over the case. We further noted the supreme court's decision in *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, "greatly narrowed the application of *Schwartzwald* in cases where a party is challenging standing in a collateral attack on a judgment in foreclosure, such as a Civ.R. 60(B) motion or a common law motion to vacate a void judgment." *Wallace* at ¶ 17. Pursuant to *Kuchta*, while a party's lack of standing can be challenged in the course of the foreclosure proceedings themselves or on direct appeal of the judgment, res judicata bars a party from asserting a lack of standing in a collateral attack on a final judgment in foreclosure. *Kuchta* at paragraph two of the syllabus, ¶ 8, 23-25. Further, while "standing is

required in order to invoke the jurisdiction of the court over a particular action in foreclosure, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas." *Kuchta* at ¶ 25. "[A] court of common pleas that has subject-matter jurisdiction over an action does not lose that jurisdiction merely because a party to the action lacks standing." *Id.* at ¶ 17. Therefore, in *Wallace II*, we reversed the judgment of the trial court and remanded the matter for consideration of Wallace's motion to vacate a void judgment in light of the supreme court's holdings in *Schwartzwald* and *Kuchta*. *Wallace II* at ¶ 27.

{¶ 4} Wallace appealed our decision, but the supreme court declined jurisdiction. *Washington Mut. Bank, F.A. v. Wallace*, 144 Ohio St.3d 1506, 2016-Ohio-652. The matter therefore returned to the trial court for consideration of Wallace's motion to vacate a void judgment.

{¶ 5} On March 24, 2016, Wallace's motion went before a magistrate. The magistrate overruled the motion to vacate, holding that Wallace's "failure to answer the complaint and raise the issue of [WaMu's] alleged lack of standing amounts to waiver of the issue." Wallace did not file objections to the magistrate's decision. On April 13, 2016, the trial court issued an entry adopting the magistrate's decision and granting permanent judgment to WaMu.

{¶ 6} Wallace timely appealed, raising two assignments of error. For ease of discussion, Wallace's assignments of error will be addressed together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} TRIAL COURT ERRED DEEMING DEFENDANT'S FAILURE TO ANSWER COMPLAINT WAS INEXCUSABLE NEGLECT [sic].

{¶ 9} Assignment of Error No. 2:

{¶ 10} TRIAL COURT ERRED DENYING BETTY WALLACE RELIEF FROM DEFAULT JUDGMENT.

{¶ 11} In both of her assignments of error, Wallace raises arguments relating to the denial of her May 2009 request for relief from default judgment. Wallace argues judgment in favor of WaMu was improper as her neglect in failing to answer the complaint was excusable given her depression and lack of understanding of the legal system.

{¶ 12} As an initial matter, we note that issues relating to the trial court's denial of Wallace's May 2009 Civ.R. 60(B) motion are not properly before this court. Wallace's Civ.R. 60(B) motion was denied by the trial court on September 28, 2010. Wallace did not preserve arguments relating to her Civ.R. 60(B) motion for relief from default judgment in her appeal to the Ohio Supreme Court. *See Wallace II*, 2014-Ohio-5317 at ¶ 7, fn. 4 ("Wallace only pursued her motion to vacate a void judgment").[1] We therefore cannot consider issues relating to the trial court's September 28, 2010 denial of her Civ.R. 60(B) motion. Rather, our review is limited to the trial court's April 13, 2016 denial of her motion to vacate a void judgment.

{¶ 13} With respect to Wallace's motion to vacate a void judgment, we note that Wallace failed to object to the magistrate's denial of her motion. Where a party has failed to object to a factual finding or legal conclusion in accordance with Civ.R. 53(D)(3)(b), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated a finding of fact or conclusion of law[.]" Civ.R. 53(D)(3)(b)(iv). "[E]ven then, 'unless the appellant argues a

---

1. {¶ a} The supreme court accepted Wallace's appeal of the denial of her motion to vacate a void judgment and her Civ.R. 60(B) motion for relief from default judgment. *See Washington Mut. Bank, F.A. v. Wallace*, Supreme Court No. 2011-1693 (Dec. 21, 2011) (Entry Granting Discretionary Appeal). However, in her merit brief filed with the supreme court, Wallace specifically stated she was proceeding only on her motion to vacate a void judgment. Wallace's merit brief stated the following:

> {¶ b} [Wallace] appeals from the Court of appeals opinion affirming the trial court's decision overruling two motions filed by * * * Wallace seeking relief from default judgment against Wallace and in favor of Appellee [WaMu]. *One of those motions sought vacation of the default judgment because the trial court lacked jurisdiction to hear the case. It is that motion which gives rise to this appeal.*

(Emphasis added.)

claim of plain error, the appellant has waived the claimed errors not objected to below.'" *Levy v. Seiber*, 12th Dist. Butler Nos. CA2015-02-019, CA2015-02-021, and CA2015-02-030, 2016-Ohio-68, ¶ 61, quoting *In re L.K.*, 12th Dist. Butler No. CA2014-06-145, 2015-Ohio-1091, ¶ 16. Here, Wallace has not argued on appeal that the trial court's denial of her motion to vacate a void judgment constitutes plain error. We therefore find that Wallace has forfeited review of the court's denial of her motion to vacate a void judgment.

{¶ 14} Further, even if we review the trial court's denial of Wallace's motion to vacate a void judgment upon a plain error standard, Wallace does not prevail. Civil plain error is an extremely deferential standard of review and its application is limited to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). This is not one of those "extremely rare cases" presenting "exceptional circumstances" where application of civil plain error is appropriate. Here, the trial court properly considered Wallace's motion to vacate a void judgment in light of the supreme court's holdings in *Federal Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, and *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275.

{¶ 15} Accordingly, for the reasons stated above, we find no merit to Wallace's assigned errors. Wallace's first and second assignments of error are overruled.

{¶ 16} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.